IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GRACE NWAOGU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| v. ) | 06-CV-0703 |
| ) | |
| WELLSTAR HEALTH SYSTEM, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant WELLSTAR HEALTH SYSTEM, INC., by and through its undersigned attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint.

## PARAGRAPH NO. 1:

Plaintiff is Grace Nwaogu, a resident of Georgia.

## ANSWER:

Defendant admits the allegations in this paragraph.

## PARAGRAPH NO. 2:

Defendant is WellStar Health System, Inc., a Georgia corporation qualified to do business in Georgia, whose agent for service is Samuel D. Bishop, 531 Roseland Street, Suite 600, Marietta, GA 30060.

ATI 32318470.1

## ANSWER:

Defendant admits the allegations in this paragraph.

## PARAGRAPH NO. 3:

This action arises under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e) *et seq.*

## ANSWER:

Defendant admits that Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*

## PARAGRAPH NO. 4:

Jurisdiction is invoked pursuant to U.S.C. § 1243(4) and 42 U.S.C. § 2000(e) *et seq.*

## ANSWER:

Defendant admits the allegations in this paragraph.

## PARAGRAPH NO. 5:

Defendant is located in the Atlanta Division of the Northern District of Georgia, and Defendant has committed the acts complained of in the Atlanta Division of Northern District of Georgia.

**ANSWER**:

Defendant admits that it is located in the Northern District of Georgia and that the termination of Plaintiff's employment occurred in that same district. Except as expressly admitted herein, Defendant denies the allegations in this paragraph.

**PARAGRAPH NO. 6**:

Plaintiff previously filed a complaint with the EEOC, and the EEOC made a determination that it was more likely that not that Defendant discriminated against Plaintiff on the basis of race (black) and National Origin (Nigerian) in violation of Title VII. The EEOC issued its Right to Sue Letter and within the time permitted, Plaintiff files this Complaint.

**ANSWER**:

Defendant admits that Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). Defendant further admits that the EEOC issued a determination with respect to Plaintiff's charge and that the determination speaks for itself. The remaining allegations in this paragraph constitute a legal conclusion to which no response is required. Except as expressly admitted herein, Defendant denies the allegations in this paragraph.

## PARAGRAPH NO. 7:

Plaintiff was employed since 2000 by Defendant. Originally, she was assigned to Defendant's Kennestone location and was transferred to Defendant's Cobb location in April, 2003.

## ANSWER:

Defendant admits the allegations in this paragraph.

## PARAGRAPH NO. 8:

Plaintiff was charged with procedural errors of which Plaintiff was not guilty. A fellow employee, a medical technologist, was charged with similar procedural errors but was not disciplined by Defendant. He was of the white race.

## ANSWER:

Defendant denies the allegations in this paragraph.

## PARAGRAPH NO. 9:

Plaintiff was terminated by Defendant in violation of Title VII of the Civil Right Act of 1964 as amended, 42 U.S.C. § 2000(e), *et seq.*

## ANSWER:

Defendant denies the allegations in this paragraph.

## PARAGRAPH NO. 10:

Plaintiff has suffered emotional pain and suffering, mental anguish and the loss of enjoyment of life, as well as back wages, fringe benefits and future wages, compensatory and punitive damages.

## ANSWER:

Defendant denies the allegations in this paragraph.

## PARAGRAPH NO. 11:

As a result of said discrimination, Plaintiff is entitled to equitable relief of back pay, reinstatement, benefits and prejudgment interest, compensatory and punitive damages, and attorneys' fees and costs.

## ANSWER:

Defendant denies the allegations in this paragraph.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on acts that occurred prior to the applicable statute of limitations, Plaintiff's claims are time-barred.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's Title VII claims exceed the scope of the charge of discrimination Plaintiff filed with the EEOC, this Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff otherwise failed to exhaust her administrative

remedies and/or failed to comply with the procedural prerequisites prior to bringing her claims before this Court, this Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted because Defendant's decisions with respect to her employment were legitimate and non-discriminatory.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendant made good faith efforts to comply with all applicable anti-discrimination laws.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative or correctional opportunities provided by Defendant or to avoid harm otherwise.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to mitigate her damages, her recovery, if any,

must be reduced accordingly.

WHEREFORE, Defendant respectfully submits that Plaintiff's Complaint should be dismissed in its entirety with prejudice and that Defendant should be awarded its costs, attorneys' fees, and any other relief this Court deems appropriate.

    Respectfully submitted,

By:   s/Charles L. Bachman, Jr.
John F. Meyers
Georgia Bar No. 503692
Charles L. Bachman, Jr.
Georgia Bar No. 030545
SEYFARTH SHAW LLP
One Peachtree Pointe
1545 Peachtree Street
Suite 700
Atlanta, GA  30309-2401
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056

Attorneys for Defendant

Date:  May 26, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GRACE NWAOGU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 06-CV-0703 |
| | ) | |
| WELLSTAR HEALTH SYSTEM, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES has been furnished via U.S. Mail to the following individual of record this 26th day of May 2006:

>Theodore G. Frankel
>1104 Marsh Trail Circle
>Atlanta, GA 30328

>s/Charles L. Bachman, Jr.

ATI 32330483.1