IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GRACE NWAOGU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| v. ) | 06-CV-0703-JOF-GGB |
| ) | |
| WELLSTAR HEALTH SYSTEM, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT WELLSTAR HEALTH SYSTEM, INC.'S INITIAL DISCLOSURES

Defendant WELLSTAR HEALTH SYSTEM, INC., pursuant to Rule 26(a) of the Federal Rules of Civil Procedure and Local Rule 26.1(B) of the Local Rules of Practice for the Northern District Court of Georgia, hereby makes its Initial Disclosures.

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**RESPONSE:**

Defendant is properly identified.

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If

defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**RESPONSE:**

Defendant is not presently aware of any necessary parties to this action who have not been named by Plaintiff.

(3)   Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaim asserted by defendant in the responsive pleading.

**RESPONSE:**

Plaintiff worked as a Medical Technician at Defendant's Kennestone location and was subsequently transferred to Defendant's Cobb location.  Plaintiff was discharged on March 12, 2004 based on poor performance.  Defendant maintains that Plaintiff was not subjected to any discriminatory behavior, let alone any act which rises to the level of actionable discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.  Moreover, Defendant has taken all appropriate steps to ensure that its workplace is free from unlawful conduct, and promptly investigates all complaints of discrimination.  Defendant contends that its actions with respect to Plaintiff were taken for legitimate, non-discriminatory reasons.

(4)     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**RESPONSE:**

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and cases interpreting Title VII.

(5)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of information (Attach witness list to Initial Disclosures as Attachment A.)

**RESPONSE:**

See Attachment A.

(6)     Provide the name of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**RESPONSE:**

Defendant has not yet identified any expert witness(es) who may be used at trial.

(7)     Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**RESPONSE:**

See Attachment C.

(8)    In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE:**

Defendant is not currently seeking any damages, but reserves the right to seek attorneys' fees and costs should it prevail.

(9)    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE:**

Defendant currently does not contend that some other person or legal entity is liable, in whole or in part to Plaintiff in any manner.

(10)    Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part of all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach a copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE:**

Defendant will make documents responsive to this request available for inspection and copying.

| | |
|---|---|
| DATED: July 7, 2006 | SEYFARTH SHAW LLP |
| 1545 Peachtree Street, N.E.<br>One Peachtree Pointe, Suite 700<br>Atlanta, Georgia 30309<br>Telephone: (404) 885-1500<br>Facsimile:  (404) 892-7056 | By s/ Maile Gilmore<br>John F. Meyers<br>Georgia Bar No. 503692<br>Charles L. Bachman, Jr.<br>Georgia Bar No. 030545<br>Maile Gilmore<br>Georgia Bar No. 300451<br><br>Attorneys for Defendant<br>WELLSTAR HEALTH SYSTEM, INC. |

# ATTACHMENT A

1. Plaintiff

Plaintiff has knowledge and information relating to the allegations in her Complaint.

2. Linda Cooke

Ms. Cooke may have information regarding Plaintiff's job performance and WellStar's legitimate and lawful decisions with respect to her employment.

## **ATTACHMENT C**

1. Certain documents contained in Plaintiff's personnel file;

2. Copies of non-privileged documents relating to Plaintiff's Charge of Discrimination; and

3. Copies of relevant portions of Defendant's Employee Handbook.

The above referenced documents are within the custody and control of Defendant.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GRACE NWAOGU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| v. ) | 06-CV-0703-JOF-GGB |
| ) | |
| WELLSTAR HEALTH SYSTEM, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has caused to be served a true and accurate copy of DEFENDANT WELLSTAR HEALTH SYSTEM, INC.'S INITIAL DISCLOSURES by placing a copy of the same in the United States Mail with sufficient postage annexed to ensure delivery addressed as follows:

> Theodore G. Frankel, Esq.
> 1104 Marsh Trail Circle
> Atlanta, Georgia 30328

This the 7th day of July, 2006.

> s/ Maile Gilmore
> Counsel for Defendant

AT1 32333658.1