IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GRACE NWAOGU, :
:
    Plaintiff, :
:
  v. : CIVIL ACTION NO.
: 1:06-CV-0703-JOF
WELLSTAR HEALTH SYSTEM, :
INC., :
:
    Defendant. :

## OPINION AND ORDER

This matter is before the court on Defendant's motion for summary judgment [24-1] and the Report and Recommendation of Magistrate Judge Gerrilyn G. Brill [31-1].

Plaintiff, Grace Nwaogu, filed suit against Defendant, Wellstar Health System, Inc., on March 27, 2006, alleging that Defendant terminated her employment because of her race (black) and national origin (Nigerian) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* Plaintiff worked as a medical technologist, responsible for analyzing samples of blood, urine, and other bodily fluids and reporting the results to healthcare providers who used the information to make treatment decisions. On both January 2 and 3, 2004, Plaintiff was disciplined for issuing improper test results. On February 12, 2004, Plaintiff made another clinical error on a test. Because Plaintiff has

received a final written warning for prior failures to follow testing procedures, Plaintiff was terminated after the February incident.

In her Report and Recommendation, the Magistrate Judge noted that Plaintiff attempted to demonstrate a prima facie case of discrimination by arguing that an employee outside of her protected class, Larry Rickman, engaged in similar misconduct but was not terminated. The Magistrate Judge determined that Plaintiff had no personal knowledge for the assertions made in her affidavit that Mr. Rickman had failed properly to test a patient for a blood transfusion and the patient died, but Mr. Rickman was not fired.

Plaintiff also provided the affidavit of another employee, Debbie Hobley, who testified that Mr. Rickman was drunk on the job and was not terminated after his improper test procedures resulted in the death of a transfusion patient. With respect to this affidavit, the Magistrate Judge noted that Ms. Hobley failed to provide any information identifying Mr. Rickman's supervisor or whether anyone in Mr. Rickman's supervisory chain was aware of his behavior. Because Plaintiff could not establish that Mr. Rickman's supervisors were aware of his behavior or that Plaintiff and Mr. Rickman had supervisors in common, the Magistrate Judge determined that Plaintiff failed to establish that another similarly-situated employee was treated more favorably than she was.

In the alternative, the Magistrate Judge noted that even if Plaintiff could establish a prima facie case of discrimination, she could not show that Defendant's legitimate

2

AO 72A
(Rev.8/82)

nondiscriminatory reason for termination – failure to follow proper testing procedure – was pretextual.

Plaintiff did not file objections to the Report and Recommendation of the Magistrate Judge. Having read and considered the Report and Recommendation, the court ADOPTS it as the ORDER of the court. The court GRANTS Defendant's motion for summary judgment [24-1]. The Clerk of the Court is DIRECTED to DISMISS WITH PREJUDICE Plaintiff's complaint.

**IT IS SO ORDERED** this 28th day of August 2007.

             s/ J. Owen Forrester
             J. OWEN FORRESTER
       SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)